IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JOHNNY JUSTIN POSTLES,

Plaintiff,

v. No. 1:26-cv-01028-STA-jay

JOEY HALE,
EDDIE NORMAN,
LESETTE RIGSBY, *Clerk at Madison County General Sessions Court*, and
NICHOLAS LATIMER,

Defendants.

---

REPORT AND RECOMMENDATION

---

Plaintiff Johnny Justin Postles, proceeding *pro se*, brings this lawsuit against Joey Hale, Eddie Norman, Lesette Rigsby, and Nicholas Latimer. (Docket Entry ["D.E."] 1). The Court is required to conduct a screening of this action because Postles sought and received *in forma pauperis* status. *See* 28 U.S.C. § 1915(e)(2)(B). (D.E. 4, 19). This case has been referred to the undersigned United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

I.

This matter arises from an eviction proceeding brought against Postles in the General Sessions Court of Madison County, Tennessee. According to the general sessions court's judgment attached to his original Complaint, TC Property Management sued Postles for possession of an apartment, unpaid rent, restitution for damages to the property, attorney fees, and all court costs and litigation taxes. (*See* D.E. 1-1, PageID 11). A detainer summons was issued on December 5, 2025, and the summons was posted on Postles's door on December 11, 2025. (*Id.*; D.E. 1 at 7 ¶ 3,

PageID 7). Postles states that the detainer summons posted on his door lacked the general sessions court clerk's file stamp and service dates. (*Id.*) A trial was held, and judgment was granted in TC Property Management's favor on January 16, 2026. (*Id.*) Postles contends that the January 16 judgment was void because the missing clerk's file stamp and service dates deprived the general sessions court of personal and subject matter jurisdiction. (*Id.*)

Postles then moved to have the judgment set aside. (*Id.* at ¶ 4). He alleges that Defendants Nicholas Latimer (the attorney representing TC Property Management), Lesette Rigsby (the general sessions deputy clerk), and Eddie Norman (the "purported" process server) "conspired to 'cure' the record" by "generat[ing] a second Detainer Summons containing a backdated file stamp." (*Id.*) Postles continues that on February 6, 2026, Defendant Latimer personally handed him a copy of the "cured" detainer summons. (*Id.* at ¶ 5). On February 12, 2026, Postles filed an "Emergency Motion to Vacate Void Judgment for Fraud Upon the Court, Fabrication of Evidence. And Violations of the Fair Housing Act" in general sessions court. (*Id* at ¶ 6; D.E. 1-3, PageID 13-14). The general sessions court denied Postles's motion. (D.E. 1 at 7 ¶ 6, PageID 7).

Postles then brought the present action pursuant to 42 U.S.C. § 1983. In his original Complaint, he named as defendants: TC Property Management; Joey Hale, in his individual capacity and as property owner; Eddie Norman, in his individual capacity and as "conspirator"; Madison County, Tennessee; Madison County General Session Court Clerk's Office; Jane Doe, in her individual capacity and as "conspirator"; and Nicholas Latimer, attorney and private actor conspiring with state actors. (D.E. 1 at 2, 4, PageID 2, 4). Postles alleged that the defendants conspired to deprive him of his Fourteenth Amendment procedural due process rights. (*Id.* at 7-8, PageID 7-8). In terms of relief, Postles sought an immediate emergency stay of the writ of possession the general sessions court entered against him, a declaratory judgment, vacatur of the

general session judgment, compensatory damages, punitive damages, injunctive relief, and other general relief. (*Id*. at 9, PageID 9).

On the same date as filing his Complaint, Postles also filed a motion for an emergency *ex parte* temporary restraining order and preliminary injunction in which he sought to have this Court enjoin his eviction. (D.E. 3). Postles then filed an Amended Complaint. (D.E. 8). In his Amended Complaint, Postles essentially restated and clarified the allegations contained in his original Complaint. A few days later, he filed a renewed motion for a restraining order reiterating his request that this Court stop the eviction proceedings. (D.E. 10). Postles was evicted, and then he voluntarily dismissed as defendants the Madison County General Sessions Clerk's Office, TC Property Management, and Madison County, Tennessee. (D.E. 13-16). He also substituted Lesette Rigbsy for the Jane Doe defendant. (D.E. 17).

II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Amended Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). "[B]asic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P.

8(a)(2), and provide the defendant with "fair notice of what the...claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing a plaintiff's complaint at this stage, the Court must construe it in their favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations,...[a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

As part of the § 1915(e) screening process, the Court must determine whether a plaintiff has pled a basis for federal subject matter jurisdiction. *See, e.g., McRee v. Renasant Bank Legal Dep't*, No. 16-cv-2879, 2017 WL 31470, at *1 (W.D. Tenn. Jan. 3, 2017) (same). Indeed, courts are obligated to consider whether they have subject matter jurisdiction and may raise jurisdictional issues *sua sponte*. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007). If a court finds that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

III.

The Court should dismiss Postles' Amended Complaint because it lacks subject matter jurisdiction. This Court lacks subject matter jurisdiction to overturn a state court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) (collectively known as the *Rooker-Feldman* doctrine, which states

that, because appellate review of state judgments is vested in the Supreme Court, it follows that such review cannot be done by lower federal courts). The Supreme Court has clarified the applicability of the *Rooker-Feldman* doctrine, stating:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: cases brought by state court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).

Disposition of the federal action, once the state court adjudication is complete, is governed by preclusion law. *Id.* at 293. This is true regardless of whether the party challenges the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F. 3d 364, 369 (6th Cir. 2008). The Sixth Circuit has discussed the kind of injuries the doctrine precludes from review, stating:

> The inquiry then is the source of the injury the plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 394-95 (6th Cir. 2006). *See also, Lawrence*, 531 F. 3d at 368.

Where the source of the injury is both a state court decision and third-party actions, the Sixth Circuit instructs a determination to be made regarding whether the injury is “inextricably intertwined” with the state court decision; if it is, then the *Rooker-Feldman* applies. *McCormick*, 451 F.3d at 395. An injury is “inextricably intertwined” with the state court decision when “the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.” *Peterson Novelties, Inc. v. City of Berkeley*, 305 F.3d 386, 391 (6th Cir. 2002).

Here, Postles' alleged injury is based upon the Madison County General Sessions Court's decision and the actions of Defendants Hale, Norman, Rigsby, and Latimer. Postles raised his contention that the third-party Defendants conspired to "cure" the alleged defects in the detainer summons in his February 12, 2026, emergency motion, and the Madison County General Sessions Court rejected his claims. Because Postles' asserted federal claim could "succeed only to the extent that the State court wrongly decided the issues before it," his asserted injury is "inextricably intertwined" with the State court decision. Thus, Postles' federal claim is barred by the *Rooker-Feldman* doctrine.

IV.

It is RECOMMENDED that Plaintiff Johnny Justin Postles's Amended Complaint be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction. In light of this Court not possessing subject matter jurisdiction over Postles's claim, the Court should deny Postles's motions for injunctive relief. (D.E. 3, 10).

Respectfully submitted, this the 17th day of August, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**